UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **M&T BANK,** **Plaintiff,** v. **KYUNG WHA HAN and SANG TAEK HAN, h/w, each of their heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; PNC BANK N.A.; Citibank N.A.; State of New Jersey,** **Defendants.** | Civ. No. 23-1655 (KM) OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  Defendant Sang Taek Han in this state mortgage foreclosure action filed the first notice of removal on February 6, 2023. (*See* Civ. No. 23-647 "First Proceeding".) I granted the motion of plaintiff M&T Bank ("M&T") to remand the case to state court by Opinion and Order filed on February 28, 2023 (First Proceeding docket items 8 and 9. For convenient reference, a copy of the Opinion may be found in the record of this case at DE 2-1). Familiarity with my prior Opinion, cited herein as "Op.", is assumed, and it is incorporated here by reference.

  Now, defendant Kyung Wha Han[1] has filing a second notice of removal. (DE 1) M&T has again moved to remand this removed mortgage foreclosure case to state court. For the reasons stated below, the motion to remand (DE 2) is again **GRANTED**.

---

[1]  "Han," unless otherwise specified, refers to Kyung Wha Han. Kyung Wha Han and Sang Taek Han, wife and husband, are identified as joint borrowers on the mortgage.

I.  **DISCUSSION**

Han's arguments in opposition to remand largely duplicate earlier, rejected arguments. Han's disagreement with the Court's earlier analysis, however, is not properly asserted by means of simply filing a second notice of removal. Nor is removal/remand the proper vehicle to litigate the merits of the underlying dispute. Nevertheless, I briefly discuss her current contentions, to the extent they appear to contain anything new.

**Timeliness**

In my prior opinion, I held that removal was untimely because it was sought long after the expiration of the 30-day deadline of 28 U.S.C. § 1446(b)(1). This second notice of removal was filed on March 22, 2023, rendering it still more untimely. Han, however, argues that the 30-day clock has restarted, citing 28 U.S.C. § 1446(b)(3):

> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[2]

The "paper" cited by Han is a letter from M&T's counsel to the judge presiding over the state court case, dated March 10, 2023. (DE 1-14, cited in Han responding brief at 8 (DE 3 at 20).) In that letter, M&T's counsel stated to the state judge that Han had not served any discovery demands.[3] That statement, says Han, was false, because she had served a discovery demand in

---

[2] But at any rate not more than one year after commencement of the action, where the basis for removal is diversity jurisdiction, unless the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). Because this action was filed less than one year ago, on June 15, 2022, this one-year time limit does not come into play at all.

[3] The main purpose of the letter was to inform the state judge that Han had sought multiple adjournments and that, in the most recent request, had falsely represented that plaintiff had consented. I take no position on that issue, but note that it does not affect the removal deadline.

December 2022. Thus, she argues, "[t]he letter would trigger a new 30-day removal period because the letter first ascertained that this action is one that is or has become removable pursuant to 28 U.S.C. § 1446(b)." (DE 3 at 20) Respectfully, this is a *non sequitur*. Nothing about the letter alerted Han to a basis for removal, whether on diversity or federal-question grounds, that did not exist or was not known before. Nothing about Han's service of discovery requests, or M&T's response or non-response thereto, prevented Han from learning of or asserting a federal-question or diversity basis for removal of which she had been previously unaware.

The first notice of removal was untimely, and, *a fortiori,* this second notice is untimely as well. *See* 28 U.S.C. § 1446(b)(1). For this reason, remand must be granted.

**Fraudulent joinder/Diversity**

In my prior opinion, another basis for granting remand was the lack of complete diversity, if only because the State of New Jersey, a party with no citizenship as a matter of law, was named as a defendant. The Court did not need to reach the issue that, even if diversity were present, the case would not be removable because either the State of New Jersey or PNC is a "forum defendant." *See* 28 U.S.C. § 1446(b)(2) (prohibiting removal of action based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

Han does not dispute that the State of New Jersey is not a citizen as a matter of law, and that PNC is a citizen of New Jersey. Han argues, however, that the State of New Jersey and PNC were fraudulently joined as parties, and should therefore be disregarded in the analysis. The argument seems to be that M&T, in naming these two defendants, harbored a subjective motive to defeat jurisdiction. Such a motive is insufficient to establish fraudulent joinder. The case law requires that there be "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In*

re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir.1985)). Han alleges bad faith in conclusory fashion, but has made no such demonstration. And absent such a demonstration, the face of the complaint is sufficient to demonstrate the necessary colorable basis to name these parties. [4]

I therefore reassert my prior holding that the State of New Jersey is not a "citizen" and that its presence therefore defeats diversity. I add that either the State (if regarded *arguendo* as a citizen) or PNC is a forum defendant, independently rendering the case non-removable under 28 U.S.C. § 1446(b)(2). On this separate, independent basis, the motion to remand is granted.

**Federal question**

In my prior opinion, I held that federal question jurisdiction was lacking, because the plaintiff, M&T, has asserted solely state law causes of action sounding in mortgage foreclosure, and the defendants' assertion of federal law issues and counterclaims does not affect removal under the "well-pleaded complaint" rule. The current notice of removal argues that a federal question is presented because the plaintiff "artfully . . . did not mention its violation of the CARES Act," a federal statute granting, *inter alia,* certain forms of forbearance. (DE 1 at 11)

I incorporate the discussion of the well-pleaded complaint rule from my prior Opinion. Han concedes that the complaint raises only state law issues and that, in general, federal law issues pleaded in defense of a state law claim do not affect the analysis of removability.

---

[4]   Consider that the Complaint alleges that taxes, liens, or other interest may be due and owing, and incorporates a copy of an abstract stating that "DEBT: $ 35,617" and "OTH: $ 6,561.73" are outstanding. (State court complaint, DE 1-13, ¶ 12.) The Complaint also states that PNC has a judgment against the mortgagor in the amount of $44,933.21, again incorporating a copy of an abstract. (*Id.* ¶ 13) I need not settle the merits of these claims to observe that there facially appears to be a reasonable basis to name such creditors in a foreclosure complaint.

4

> However, Han cites the following narrow exception to the rule:
>
> [A] plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.

*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998).

These are matters of defense, not strategic omissions from the plaintiff's causes of action. Moreover, even if correct, they appear to implicate only a portion of the case, at best; Han alleges that the CARES moratorium means that the borrowers did not owe the May 1, 2021 or June 1, 2021 payments, but only those accruing July 1, 2021 and thereafter (none of which have apparently been paid). (DE 3 at 17)

These objections are insufficient to exempt this removal from the well-pleaded complaint rule. Removal is not proper based on the presence of a federal claim.

### Costs and Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). M&T seeks an award of its costs and fees in connection with this proceeding.

There is no presumption either in favor of or against an award of fees in connection with remand. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136–37, 126 S. Ct. 704, 709 (2005). They are to be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141, 126 S. Ct. at 711. That determination is left to the discretion of the court.

To be sure, the removal in this case lacked a substantial basis; moreover, it followed a very similar removal by Han's codefendant, which was rejected by the Court in a detailed opinion. The circumstances, moreover, suggest that both notices were motivated by the desire to avert an imminent state court ruling on a motion for summary judgment. On the other hand,

these are *pro se* defendants attempting to preserve their property from foreclosure, not vexatious plaintiffs bringing meritless claims.

The application for costs and fees will be denied. The Hans may expect, however, that any further meritless applications to this Court will be dealt with sternly.

## II.   CONCLUSION

For the reasons set forth above, M&T's motion to remand this case to state court (DE 2) is **GRANTED**. Each party to bear its own costs. A separate order will issue.

Dated: May 4, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

6